UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
In re:                                                                Chapter 11

GENERGY WORLDWIDE, INC.                              Case No. 10-15608

                           Debtor.                       **Local Rule Statement**
-----------------------------------------------------------x

Dario Gristina, states under penalty of perjury, says as follows:

1. I am the CEO of Genergy Worldwide, Inc. (The "Debtor").

2. The Debtor provides energy services including:

- Meter and metering systems specification, installation, and service.
- Utility grade meter reading and billing services where allowed by utility restructuring provisions.
- Electric rent inclusion surveys, including revenue calculation and billing.
- Data sales and services to landlords, engineers, outside consultants and others.
- Energy consulting and management services.
- Power Grid Management and MEP (Mechanical, Electrical and Plumbing) Professional Engineering services.
- Utility cost reduction strategy identification.

3. The Debtor's business is encumbered by a note and security agreement in favor of Banco Popular ("Bank") in the amount of approximately $800,000, as asserted by the Bank.

4. In addition, the Debtor has tax of liabilities of approximately $500,000, and general unsecured claims totaling $800,000.

1

5. The Debtor's most valuable asset is its receivables. Unpaid receivables total approximately $2.1 million. The value of the Debtor's hard assets is somewhat nominal because the Debtor provides services and has few hard assets.

6. The biggest receivable is $1.8 million owed by the Port Authority of New York and New Jersey. Indeed, the Port Authority's failure to pay is the primary reason the Debtor has been unable honor its covenants with the Bank and to fall behind in tax payments; ultimately triggering this Chapter 11 case.

7. The Port Authority has never articulated why it refuses to pay its receivable, and has terminated most of the Debtor's work. The Debtor intends to continue to reorganize around its non-Port Authority business and to diligently pursue its claims against the Port Authority.

8. In summary, the Debtor filed its petition so that it can preserve and protect the Debtor's business while it attempts to collect the Port Authority receivable, and rebuild the business around non-Port Authority accounts for the benefit of the Debtor's creditors, its employees and its owners.

9. A list of the twenty largest unsecured creditors is included in the Debtor's Chapter 11 petition.

10. No shares of stock, debentures or other securities of the Debtor or any subsidiary of the Debtor are publicly held. The identity of Debtor's sole shareholder is included with the Debtor's Petition.

11. No committee of creditors has previously been appointed hereto.

12. The Debtor has filed no prior pending bankruptcy case.

13. The Debtor's books and records are maintained at its offices.

14. Projections for the next thirty days are annexed to the cash collateral application filed contemporaneously herewith. Payroll is estimated in the amount of $130,134. The Debtor's actual results may vary substantially from these estimates, however, as the Debtor's sales are not inherently predictable.

Dated: New York, New York
      October 27, 2010

                                                          s/Dario Gristina